UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD L. BOOKER, <br><br> Plaintiff, <br><br> v. <br><br> LAW OFFICE OF JOEL C. KOURY, et al., <br><br> Defendants. | Case No. 2:22-cv-05981-SPG-JC <br><br> MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

### I.  BACKGROUND AND SUMMARY

On August 22, 2022, plaintiff Donald L. Booker, who is in state custody, is proceeding *pro se*, and has been granted leave to proceed without prepayment of the full filing fee ("IFP"), filed a "Complaint for Violation of Civil Rights (Prisoner Complaint)" with attachments ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983"), seeking to have this Court "recall" plaintiff's conviction/sentence in Los Angeles Superior Court Case No. GA099455-01 as "legally invalid."[1]

---

[1] Plaintiff concurrently filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 with this Court in Booker v. Koury, Case No. 2:22-cv-06053-SPG-JC, which is pending.

As plaintiff is a state prisoner and is proceeding IFP, the assigned Magistrate Judge screened the Complaint to determine if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c).

On October 31, 2022, the Magistrate Judge issued an Order Dismissing Complaint with Leave to Amend and Directing Plaintiff to Respond to Order ("October Order").[2] The October Order advised plaintiff that the Complaint was deficient for reasons described in the October Order, dismissed the Complaint with leave to amend, and directed plaintiff, within twenty days (*i.e.*, by November 21, 2022), to file one of the following: (1) a first amended complaint which cures the pleading defects described in the October Order; (1) a notice of dismissal; or (3) a

---

[2] Absent consent by all parties, including unserved defendants, a magistrate judge cannot issue dispositive orders, including an order dismissing a claim. Branch v. Umphenour, 936 F.3d 994, 1004 (9th Cir. 2019); see also Williams v. King, 875 F.3d 500, 504 (9th Cir. 2017) ("[C]onsent of all parties (including unserved defendants) is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under § 636(c)(1)."); 28 U.S.C. § 636(b)(1)(A)-(B). However, "the dismissal of a complaint with leave to amend is a non-dispositive matter." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Accordingly, a magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See id. at 797. Additionally, a plaintiff who disagrees with a magistrate judge's order, including a nondispositive order dismissing a pleading with leave to amend, may file an objection with the district judge. See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015); see also Hunt v. Pliler, 384 F.3d 1118, 1124 (9th Cir. 2004) ("District court review of even these nondispositive matters . . . can be compelled upon objection of the party against whom the magistrate has ruled.") (quoting McKeever, 932 F.2d at 798). The October Order expressly notified plaintiff that (1) the October Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the October Order if such party did not seek review thereof or object thereto. (October Order at 10 n.4).

notice of intent to stand on the Complaint.³ The October Order expressly cautioned plaintiff that the failure timely to file a first amended complaint, a notice of dismissal, or a notice of intent to stand on the Complaint may be deemed plaintiff's admission that amendment is futile and may result in the dismissal of this action on the grounds set forth in the October Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the October Order.

The November 21, 2022 deadline to comply with the October Order expired without any action by plaintiff. Plaintiff has not sought an extension of time to comply with the October Order, has not sought review of, or filed any objection to the October Order, and – aside from sending the Magistrate Judge a Christmas card that has been stricken – has not communicated with the Court in this case since August 2022.

As discussed below, this action is dismissed due to plaintiff's unreasonable failure to prosecute and his failure to comply with the October Order.

## II.     PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P.

---

³Specifically, the Magistrate Judge advised plaintiff, albeit in greater detail and with citation to authorities, that plaintiff's Complaint, among other deficiencies, appeared to be barred by Heck v. Humphrey, 512 U.S. 477 (1994) and failed to state a viable Section 1983 claim against at least defendant Koury.

3

41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). In addition, where a Magistrate Judge originally dismissed the complaint with leave to amend, the District Judge must review that decision before dismissing the entire action. See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that decision before dismissing the entire action."). A district judge may not dismiss an action for failure to comply with a court order (*e.g.*, the Magistrate Judge's order to file an amended complaint) or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

///

///

### III. DISCUSSION AND ORDER

First, the Court has reviewed the October Order and finds that it adequately and properly notified plaintiff of the deficiencies in the Complaint and afforded plaintiff an opportunity to amend effectively. This Court agrees with and adopts the October Order, and finds that the Magistrate Judge properly dismissed the Complaint with leave to amend for the reasons discussed in the October Order.

Second, dismissal is appropriate based upon plaintiff's failure to comply with the October Order and the failure to prosecute. The Court has considered the five factors discussed above – the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal. As noted above, plaintiff has been notified of the deficiencies in the Complaint and has been given the opportunity to amend it, to dismiss it, or to notify the Court that he wishes to stand thereon. He has done nothing. See Edwards, 356 F.3d at 1065. The third factor, risk of prejudice to defendants, also weighs strongly in favor of dismissal. See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. As for the fifth factor, since plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the October Order, and has been afforded the opportunity to avoid such consequences but has not responded, no sanction lesser than dismissal is feasible. See, e.g., Yourish, 191 F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

IT IS THEREFORE ORDERED that this action is dismissed based upon plaintiff's unreasonable failure to prosecute and his failure to comply with the October Order.

IT IS SO ORDERED.

DATED: May 2, 2023

HONORABLE SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE